# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DERRICK CORNELIUS THOMAS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:20-cv-01608-LSC-SGC |
| JEFF DUNN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on July 14, 2021, recommending this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by counsel for Derrick Cornelius Thomas, be denied as untimely. (Doc. 11).[1] The magistrate judge further recommended denial of a certificate of appealability. (*Id.* at 12). On July 28, 2021, Thomas filed objections to the report and recommendation. (Doc. 12). Thomas contends his claims are not time-barred under principles of equitable tolling and actual innocence. (*Id.*). As explained below, the objections will be overruled.

Regarding equitable tolling, Thomas's objection is a nearly verbatim repetition of arguments presented in his reply to the respondent's briefing; this includes repetition of his erroneous calculation of the time remaining to file the

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

instant petition when he hired counsel—a miscalculation addressed and corrected in the report and recommendation. (*Compare* Doc. 10 at 2-3 *with* Doc. 12 at 1-2. *See* Doc. 11 at 10). Thomas restates his argument that equitable tolling applies because counsel—hired shortly before the federal statute of limitations expired—needed more time to prepare the instant petition. (Doc. 12 at 1-2). Thomas fails to cite any law supporting his contention these circumstances justify the extraordinary remedy of equitable tolling. Accordingly, Thomas's objection based on equitable tolling will be overruled.

Thomas's objection on actual innocence grounds fares no better. Thomas repeats arguments presented in his previous briefing, questioning the sufficiency of the evidence presented at trial. (*Compare* Doc. 10 at 2 *with* Doc. 12 at 3). As noted in the report and recommendation, a petitioner pursuing an otherwise barred claim via actual innocence must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); (*See* Doc. 11 at 11). Thomas alleges "his mere proximity to contraband does not make him criminally culpable" and that he "can provide evidence concerning the owner of the subject residence, how many people frequented the domicile, and the items that were left when they did." (Doc. 12 at 3). These barebones assertions fall

woefully short of the requirements of *Schlup*. Accordingly, Thomas's objection based on actual innocence will be overruled.

For the foregoing reasons, Thomas's objections are **OVERRULED**. (Doc. 12). After consideration of the entire record in this case, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendations. Accordingly, the petitioner's claims will be dismissed as time-barred; a certificate of appealability will be denied.

The court will enter a separate final judgment.

**DONE** and **ORDERED** on August 17, 2021.

_____
L. Scott Coogler
United States District Judge

160704